IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| GALE SPEARMAN, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 1:11-CV-155-BL |
| | § | ECF |
| MICHAEL J. ASTRUE, | § § | |
| Commissioner of Social Security, | § § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the court *sua sponte*.. Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter. Plaintiff filed her complaint on August 23, 2011 (Doc. 1), seeking review of the decision of the Commissioner denying her application for supplemental security income. Plaintiff consented to having the United States Magistrate Judge conduct all further proceedings in this matter on September 6, 2011 (Doc. 8).

**I. PROCEDURAL HISTORY**

The United States District Judge, pursuant to 28 U.S.C. § 636(b), reassigned this matter to the United States Magistrate Judge all further proceedings on August 23, 2011 (Doc. 5). Upon Plaintiff's application to proceed *in forma pauperis*, the court entered an Order Permitting Filing *In Forma Pauperis* and directing the issuance of summons and the service process by Plaintiff on August 29, 2011 (Doc. 7).

On January 4, 2012, the court entered an Order to Show Cause warning Plaintiff that in order to avoid a recommendation to the United States District Judge that this matter be dismissed without prejudice, the Plaintiff should either effect service or show good cause for failure to serve by January 24, 2012 (Doc. 9). Plaintiff was warned that failure to effect service or show good cause would result in the dismissal of Plaintiff's Complaint without prejudice for failure to prosecute.

The record demonstrates that Plaintiff has failed to file a proof of service demonstrating that service has been effected upon the Defendant. The Plaintiff has not filed any response demonstrating good cause for her failure to perfect service.

## II. ANALYSIS

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(m):

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . .

Since the complaint was filed by the Plaintiff on August 23, 2011, more than 120 days have elapsed. The record reflects that Defendant has not been served. FEDERAL RULE OF CIVIL PROCEDURE 41(b) further provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court." Although proceeding *pro se*, Plaintiff is nevertheless required to comply with the applicable local civil rules of this court, as well as the FEDERAL RULES OF CIVIL PROCEDURE. *See* Northern District of Texas Civil Local Rule 83.14. In this matter, Plaintiff has failed to effect service within 120 days of the filing of her complaint as required by Fed. R. Civ. P. 4(m). Plaintiff also failed to comply with the Order to Show Cause and has demonstrated a manifest lack of interest in prosecuting her case.

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997)(citing *Link v.*

*Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998).  A court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).

This court, having considered the failure of the Plaintiff to effect service and the failure of the Plaintiff to comply with the orders of this court, finds that Plaintiff's Complaint should be **DISMISSED WITHOUT PREJUDICE**.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint filed August 23, 2011 and all claims asserted therein are **DISMISSED WITHOUT PREJUDICE**.

A judgment in accordance with this order shall be entered forthwith.

**SO ORDERED**.

DATED this 28th day of February, 2012.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**